IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AKIMO MOORE,** : | |
|        Petitioner, : | |
|     v. : | **CIVIL NO. 13-7031** |
| : | |
| **BRIAN COLEMAN, et al.,** : | |
|        Respondents. : | |

## ORDER

**AND NOW**, this 11th day of March 2015, upon careful and independent consideration of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and Petitioner's Motion for Stay and Abeyance [Doc. No. 11], all memoranda and exhibits in support of habeas corpus, the Respondents' response thereto, and Petitioner's reply, and the entire record in this case, and upon review of the Report and Recommendation ("R&R") of United States Magistrate Judge Lynne A. Sitarski [Doc. No. 14], which recommends denying both the Motion for Stay and Abeyance and the Petition, and having reviewed *de novo* the procedural issue on which Petitioner objected, and for the reasons set forth in the thorough and well-reasoned R&R, it is hereby **ORDERED** that:

1. Petitioner's objections are **OVERRULED**;[1]

---

[1] Petitioner does not object to the substance of the R&R's recommendation that the Petition and Motion for Stay and Abeyance be denied, but rather objects that Judge Sitarski should have ruled on a motion to file a reply brief contained in the Motion for Stay and Abeyance. The final paragraph of the Motion for Stay and Abeyance reads,
> Further, Petitioner respectfully requests that he be allowed to file a Reply to Respondents answer if this court denies this Petitioner's request for a stay and abey. However, if this court graciously grants this Petitioner's request for a stay and abeyance, Petitioner asks this court to reserve a right to Petitioner that he be allowed to file a Reply Brief to Respondent's answer at the time Petitioner, if he should not prevail in the state courts, Petitioner file his Reply once and if he returns back to this Honorable Court.

Doc. No. 11 at 4. Judge Sitarski did not rule on this request to file a reply. Petitioner argues that Judge Sitarski's failure to rule on the motion violated Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts and Petitioner's constitutional right to due process of law. Petitioner further contends he desired the opportunity to submit a reply brief in order to cite unspecified case law in opposition to the Response filed by Respondents.

2. The R&R is **APPROVED** and **ADOPTED** for the reasons set forth therein;

3. The Motion for Stay and Abeyance is **DENIED**;

4. The Petition for Writ of Habeas Corpus by a Person in State Custody is **DENIED AND DISMISSED WITHOUT AN EVIDENTIARY HEARING;**

5. A Certificate of Appealability **SHALL NOT ISSUE**.[2]

The Clerk of Court is directed to **CLOSE** this case.

It is so **ORDERED.**

BY THE COURT:

/s/ Cynthia M. Rufe
_____
**CYNTHIA M. RUFE, J.**

---

[1] Petitioner has not established that he was either denied a procedural right or that his case was prejudiced by the lack of opportunity to file a reply. There is no entitlement to file a reply in § 2254 cases. *See United States v. Shayesteh*, 54 Fed. App'x 916, 920 (10th Cir. 2003); *see also Clark v. Wolfe*, 03-CIV-4656, 2004 WL 1047838 at *1 n. 1 (E.D. Pa. Apr. 8, 2004). Rule 5(e) makes clear that when a petitioner requests a reply, there is also no entitlement to file that reply at any particular time. Although Petitioner contends that he desired the opportunity to submit a reply in order to cite additional case law, Petitioner does not explain what case law he would have cited or why that case law is material. Any potential prejudice to Petitioner is also mitigated by the fact that Petitioner cited a myriad of federal and state cases in the Petition and by the opportunity that Petitioner had to raise any substantive issues that he could have raised in a reply in objections to the R&R. The Court therefore finds that Petitioner's objection is without merit.

[2] For the reasons discussed above, Petitioner has made no "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003), and is therefore not entitled to a certificate of appealability.